IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN RIOS, | No. C 11-5127 LHK (PR) |
| Plaintiff, | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; DENYING APPOINTMENT OF COUNSEL |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, currently housed at Pelican Bay State Prison in Crescent City, California, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges that prison officials were deliberately indifferent to his serious medical needs. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the Court orders service on one Defendant.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

1 § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*
2 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).
3   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5 the alleged violation was committed by a person acting under the color of state law. *See West v.*
6 *Atkins*, 487 U.S. 42, 48 (1988).
7 B. <u>Plaintiff's Claims</u>
8   Plaintiff claims that he has had signs of a skin infection on his face for two years. He
9 argues that different prison doctors have recommended that he see a dermatologist, and have
10 documented the condition worsening. However, the Medical Authorization Review Committee,
11 headed by Defendant Dr. Michael Sayre, consistently denies the requests, contrary to the
12 recommendations of his treating physicians. Liberally construed, Plaintiff has stated a
13 cognizable claim of deliberate indifference to his serious medical needs.
14   Plaintiff also names as Defendants Secretary Matthew Cate and Warden G.D. Lewis.
15 However, as supervisors, they may be liable under section 1983 only upon a showing of (1)
16 personal involvement in the constitutional deprivation or (2) a sufficient causal connection
17 between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652
18 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff fails to support his claim against either Defendant
19 with any factual support connecting either Defendant to his allegation. Thus, Defendants Cate
20 and Lewis are DISMISSED. If Plaintiff believes he can state a cognizable claim against them in
21 good faith, he may move to amend his complaint within thirty days from the filing date of this
22 order.
23 C. <u>Motion for Appointment of Counsel</u>
24   Plaintiff's motion for appointment of counsel is DENIED for want of exceptional
25 circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*
26 *Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a
27 civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been
28

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion; Denying Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Rios127srv         2

1  able to adequately present his claims.  This denial is without prejudice to the Court's *sua sponte*
2  appointment of counsel at a future date should the circumstances of this case warrant such
3  appointment.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Defendants Matthew Cate and Warden Lewis are DISMISSED with leave to amend.  If Plaintiff wishes to amend his complaint, he may move to do so within thirty days of the filing date of this order.

2. The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this Order on **Dr. Michael Sayre, Chief Medical Officer** at **Pelican Bay State Prison.**  The Clerk shall also serve a copy of this Order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

   a. If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

      a.    In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1 failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a
2 consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff
3 without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*
4 *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5      5.    Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's
6 opposition is filed.

7      6.    The motion shall be deemed submitted as of the date the reply brief is due.  No
8 hearing will be held on the motion unless the Court so orders at a later date.

9      7.    All communications by the Plaintiff with the Court must be served on Defendant,
10 or Defendant's counsel once counsel has been designated, by mailing a true copy of the
11 document to Defendant or Defendant's counsel.

12      8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
13 No further Court order is required before the parties may conduct discovery.

14      9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
15 and all parties informed of any change of address and must comply with the Court's orders in a
16 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
17 pursuant to Federal Rule of Civil Procedure 41(b).

18      IT IS SO ORDERED.
19 DATED:  1/5/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
N:\work\Rios127srv.wpd                                     5