IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN RIOS, ) | No. C 11-5127 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER GRANTING |
| ) | DEFENDANT'S MOTION FOR |
| v. ) | SUMMARY JUDGMENT |
| ) | |
| MICHAEL C. SAYRE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Chief Medical Officer Michael C. Sayre at Pelican Bay State Prison. In his complaint, Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendant has moved for summary judgment. Although given an opportunity, Plaintiff has not filed an opposition. Having carefully considered the papers submitted, the Court GRANTS Defendant's motion for summary judgment, for the reasons set out below.

**BACKGROUND**

The following facts are taken in the light most favorable to Plaintiff, and are undisputed unless otherwise indicated.

While incarcerated at Pelican Bay State Prison ("PBSP"), in August 2009, Plaintiff began taking medication to treat his tuberculosis. (Compl. at ¶ 13.) Around that time, Plaintiff

developed a small rash on his forehead which then spread all over his face, neck and ears. (*Id.*) As a result, Plaintiff experienced dry skin, an itchy and burning sensation, bumps and boils on his face, swollen eyelids, inflammation of his face, and impairment of his eyesight. (*Id.* at ¶ 14.) Doctors and nurses observed Plaintiff and noted the progression of the rash. (*Id.* at ¶¶ 15-18.) Dr. Williams treated Plaintiff's rash with hydrocortisone cream, and recommended that Plaintiff see a dermatologist. (*Id.* at ¶ 18; Decl. Sayre, Ex. A at 3, 15.)

On June 10, 2010, the Medical Authorization Review Committee ("MAR") rejected Dr. Williams' recommendation for Plaintiff to see a dermatologist, and instead ordered a biopsy of the rash. (Compl. at ¶ 19; Decl. Sayre at ¶¶ 2, 6.) Defendant is a member of the MAR Committee. (Decl. Sayre at ¶ 2.) The MAR Committee reviews and acts on requests submitted by medical providers, including referrals to see a specialist, and will usually deny a request for a referral to a specialist when it is determined that the inmate has a condition that is common, and can be treated by a primary care physician. (*Id.*)

In October 2010, the biopsy results indicated that the rash was most suggestive of "granulomatous rosacea." (Compl. at ¶ 22; Decl. Sayre at ¶ 5.) Granulomatous rosacea is a type of rosacea. (Decl. Sayre at ¶ 5.) Rosacea is a chronic skin condition that involves inflammation of the cheeks, nose, chin, forehead, or eyelids. (*Id.*) It is not life-threatening. (*Id.*) Rosacea is cyclic for most people. (*Id.*) Symptoms may come and go, and there is no cure, although treatment can control and reduce symptoms. (*Id.*)

A second request for Plaintiff to see a dermatologist was again denied by the MAR Committee, and in lieu of a specialist, the MAR Committee recommended that Plaintiff's doctor treat him with Retin-A, which was known to be an effective treatment for rosacea. (*Id.* at ¶ 6.) Three weeks later, a third request for Plaintiff to see a dermatologist was submitted. (*Id.*) The MAR Committee denied the request, recommending that a two-month course of oral antibiotics be tried instead. (*Id.*)

On April 18, 2011, Dr. Adam examined Plaintiff and recommended that he see a dermatologist. (Compl. at ¶ 20.) Again, the MAR Committee denied this fourth recommendation for Plaintiff to see a dermatologist. (*Id.* at ¶ 21.) The MAR Committee

suggested that Plaintiff's primary care physician treat the rosacea aggressively by using topical medications, antibiotics, and steroids. (Decl. Sayre at ¶ 6.) A few months later, Plaintiff's primary care physician noted that Plaintiff's condition had greatly improved. (*Id.*)

## ANALYSIS

A.  <u>Standard of Review</u>

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The Court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.*  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S.

at 323.

At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

B.   Plaintiff's Claim

Liberally construed, Plaintiff claims that Defendant was deliberately indifferent to his serious medical need, i.e., the rosacea, by failing to approve requests for him to see a dermatologist. Defendant argues that he is entitled to judgment as a matter of law because the evidence is undisputed that he did not have the requisite culpable state of mind to meet the deliberate indifference standard.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Even assuming that rosacea is a "serious medical need," there is no genuine issue of material fact that Defendant did not exhibit deliberate indifference. First, there is no evidence

that Defendant was aware that Plaintiff faced a substantial risk of serious harm and disregarded it. Plaintiff was consistently being treated for his rosacea. The policy of the MAR Committee was to deny requests to refer inmates to a specialist when the inmate has a condition that is common, and could be treated by a primary care physician. (Decl. Sayre ¶ 2.) The MAR Committee denied the first request for a referral to a specialist, opting instead to order a biopsy. (*Id.* at ¶ 6.) The MAR Committee recognized that Plaintiff had already completed another test to check for lupus, and inflammatory activity in the body. (*Id.*) The MAR Committee repeatedly denied the requests for a referral, but issued alternative directives. (*Id.*) "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to the plaintiff's health. *Id.* at 1058. Based on the record, the Court concludes that no reasonable inference can be drawn that Defendant knew that Plaintiff was faced with a substantial risk of harm and disregarded it. *See Farmer*, 511 U.S. at 837. At most here, Plaintiff has a difference of opinion as to whether Defendant should have approved Plaintiff's doctors' recommendations to see a dermatologist. Plaintiff has provided nothing to suggest that Defendant's actions or inactions were medically unacceptable under the circumstances, or that his decisions were chosen in conscious disregard to Plaintiff's health. *See id.*

Second, Plaintiff has not alleged that he has suffered any harm from the denial of being referred to a specialist. Although a "significant injury" is not required in order to establish a constitutional violation, at a minimum, Plaintiff must demonstrate some resulting harm. *See McGuckin*, 974 F.2d at 1060, 1061; *Shapley v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Here, because Plaintiff has submitted no evidence that

1  Defendant's actions resulted in any harm to Plaintiff, Defendant is entitled to judgment as a
2  matter of law.

### CONCLUSION

Accordingly, Defendant's motion for summary judgment is GRANTED.[1]  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 11/12/12

LUCY H. KOH
United States District Judge

---

[1] Because the Court grants Defendant's motion for summary judgment on the merits, it will decline to address Defendant's argument that he is also entitled to qualified immunity.